UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

REGGIE GRIFFIN,

        Plaintiff,

v.                                        Case No. 3:25-cv-1187-MMH-MCR

L.T. J. MINSHEW,

        Defendant.

_____

**<u>ORDER</u>**

Plaintiff, Reggie Griffin, an inmate in the Florida penal system, initiated this action by filing a pro se Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 (Complaint; Doc. 1). He did not pay the filing fee or submit an application to proceed <u>in forma pauperis</u>.

On October 8, 2025, the Court entered an order informing Griffin of his obligation to pay the filing fee or apply to proceed as a pauper within thirty days of filing his Complaint as well as the requirement to notify the Court of any change of address. Doc. 3 at 2, 4. The Order also advised Griffin that his case may be dismissed if he failed to comply with these requirements. <u>Id.</u> Additionally, the complaint form, which Griffin signed, requires prisoners to agree to "keep a current address on file with the Clerk's Office" to avoid dismissal of the case (Complaint at 11). As Griffin failed to pay the filing fee or

submit an application to proceed <u>in forma pauperis</u> within thirty days of filing

as ordered by the Court, on November 19, 2025, the Court issued an Order to

Show Cause directing Griffin, by December 18, 2025, to (1) show cause why the

case should not be dismissed for his failure to comply with the Court's Order

(Doc. 2) or otherwise prosecute the case; and (2) pay the filing fee or submit an

application to proceed <u>in forma pauperis</u>. Doc. 13 (citing Rule 3.10, Local Rules,

United States District Court for the Middle District of Florida)).  In that Order,

the Court further noted that the website for the Florida Department of

Corrections (FDOC) reflected that Griffin was then incarcerated at Northwest

Florida Reception Center Annex[1] and, thus, Griffin had failed to update his

address as required. <u>Id.</u> at 1–2. In the Order, the Court cautioned Griffin that

his failure to comply with the Court's Orders may result in the dismissal of

this case. <u>Id.</u> at 2. The website for the FDOC reflects that Griffin is currently

located at Blackwater Correctional Facility.[2] To date, Griffin has not made any

subsequent filings since his Complaint.

Under Rule 41(b) Federal Rules of Civil Procedure (Rule(s)), a district

court has discretion to dismiss a pro se plaintiff's action for his failure to

---

[1] Griffin was incarcerated at Columbia Correctional Institution when he filed his Complaint. <u>See</u> Complaint at 1, 11.

[2] <u>See</u> Corrections Offender Network, Florida Department of Corrections, available at https://pubapps.fdc.myflorida.com/OffenderSearch/search.aspx (last visited Jan. 12, 2026).

comply with court rules or a court order. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). While "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), pro se litigants still must conform to procedural rules. Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007). As such, when a pro se plaintiff fails to comply with a court's order or rules, the court may sua sponte dismiss a case under Rule 41(b). See Hargrove v. Capela, 792 F. App'x 758, 759 (11th Cir. 2020) (affirming district court's dismissal of complaint where plaintiff failed to comply with a court order to submit an amended application to proceed in forma pauperis or to pay a filing fee); Powell v. Harris, 628 F. App'x 679, 680 (11th Cir. 2015)[3] (per curiam) (holding the district court did not abuse its discretion dismissing the case without prejudice for the plaintiff's noncompliance with the court's instructions to file a proper complaint); Duong Thanh Ho v. Costello, 757 F. App'x 912, 914–15 (11th Cir. 2018) (affirming the district court's dismissal

---

[3] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. Gov't Emps. Ins. Co., 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

without prejudice for the pro se plaintiff's failure to comply with the court's order to amend). And Local Rule 3.10 also provides that "[a] plaintiff's failure to prosecute diligently can result in dismissal if the plaintiff in response to an order to show cause fails to demonstrate due diligence and just cause for delay."

Here, in initiating this action, Griffin was required to pay the filing fee or submit an application to proceed in forma pauperis. The Court informed him of his obligation twice. As of the date of this Order, he has neither complied with the Court's Orders (Docs. 2, 3), nor requested more time to do so. Additionally, Griffin has failed to notify the Court of his changes of address despite the Court's instructions and warnings. Accordingly, this action is to be dismissed without prejudice for failure to prosecute and comply with the Court's Orders.[4]

Accordingly, it is now **ORDERED and ADJUDGED:**

1.    This case is **DISMISSED without prejudice** for Griffin's lack of prosecution.

2.    The Court directs the Clerk to update Griffin's address to Blackwater Correctional Facility, 5914 Jeff Ates Road, Milton, Florida 32583.

---

[4] The Court notes that the claims Griffin seeks to assert stem from an incident occurring on September 10, 2024. As such, at this time, the refiling of his claims would not be barred by the applicable statute of limitations. However, Griffin is cautioned that timely filing is his own responsibility.

3.     The **Clerk** shall enter judgment accordingly, terminate any pending motions, and close the case.

**DONE AND ORDERED** in Jacksonville, Florida, on January 12, 2026.

MARCIA MORALES HOWARD
United States District Judge

JaxP-12

c:     Reggie Griffin, #J39823